BARNETTE, Judge.
This is a suit by Arthur J. LeBlanc, individually and on behalf of his minor son, George LeBlanc, against the defendants Noel Foucher and his son, Noel Foucher, Jr., for damages arising out of an automobile-motorbike collision which occurred on August 17, 1966, at approximately 8:45 p. m., at the intersection of Gretna Boulevard and Huey P. Long Avenue in the parish of Jefferson. Defendants answered the petition denying liability and filed a reconven-tional demand alleging the sole cause of the accident was the negligence of plaintiff’s minor son. From a judgment dismissing all demands, the plaintiff appealed and the defendants, plaintiffs in reconvention, answered the appeal in this court.
At the time of the accident, Gretna Boulevard was a paved two-laned street running in a northeasterly-southwesterly direction. Huey P. Long Avenue was a graveled two-laned thoroughfare running in a southeasterly-northwesterly direction. Gretna Boulevard is the favored street which is evidenced by a stop sign facing Huey P. Long Avenue.
The plaintiff’s minor son was operating his Honda motorbike in a northeasterly direction on Gretna Boulevard and defendant Noel Foucher, Jr., was operating his father’s Ford automobile in a southeasterly direction on Huey P. Long Avenue. Upon reaching the intersection of these streets a *860 collision occurred between the two vehicles whereby plaintiff’s motorbike struck defendant’s automobile at the extreme right rear fender causing damages to both vehicles and injuries to plaintiff’s son.
George LeBlanc testified that he was proceeding on Gretna Boulevard at the rate of 20 to 25 miles per hour. He stated that when he was approximately 75 to 100 feet from the intersection he observed defendant’s car traveling on Huey P. Long Avenue at about the same distance from the intersection. He estimated the speed of the car to be 30 to 40 miles per hour. He testified that the automobile did not stop when it reached the intersection, but proceeded directly into his path.
Rodney Cochennic testified on behalf of plaintiffs. It was the testimony of this witness that he was proceeding on Gretna on a motorcycle in the opposite direction from the LeBlanc motorbike. He stated that when he was approximately two and a half blocks from the intersection he first observed ' plaintiff’s son approximately one-half block from the intersection. He testified that when he was about one-half block from the intersection he saw defendant’s automobile cross the intersection directly into the path of the motorbike. He stated that defendant did not stop for the stop sign.
Noel Foucher, Jr., testified that he stopped at the intersection, looked in both directions for oncoming traffic, and seeing none, proceeded across the intersection at 5 to 10 miles per hour. His first knowledge of the LeBlanc vehicle was at the moment of impact. He stated emphatically that at no time prior to the collision did he see plaintiff’s motorbike.
Alfred Lazard, a passenger in the Foucher vehicle, testified to the same effect.
In his oral reasons for judgment the trial judge stated:
“It is the opinion of this court in this matter, after listening to the testimony, that the plaintiff has failed to establish any negligence on the part of the defendant in order to justify any recovery as a result of the accident in question.
“Plaintiff has introduced two witnesses with relation to the accident. One was the operator of the motorbike, who is in effect the plaintiff, whose testimony fails to convince this court that the accident could have happened at all, in view of the fact that he testified that he was proceeding at the rate of twenty or twenty-five miles an hour, and was about seventy-five to a hundred feet away from the intersection when he first saw the automobile in question, which was also seventy-five to a hundred feet away from the intersection. He assumed that the car was going to stop. He stated that that car was traveling at the rate of thirty-five to forty miles an hour. Were his testimony true, that car would have long been past the intersection before the plaintiff had reached the intersection at all, so that the court cannot base any conclusions on this young man’s testimony if it be true.
“If it be otherwise, and he saw the car seventy-five to a hundred feet away from the intersection, proceeding at that rate of speed, his efforts to avoid the accident should have commenced immediately when he saw it, and if he had been proceeding at the rate of twenty miles an hour, he could have come to a complete stop prior to the collision and the collision would not have taken place at the place indicated.
“Reference to the other witness on behalf of the plaintiff, this young man testified that he saw the plaintiff one half a block away from the intersection when he was two and a half blocks away, or a total of three blocks away when he first saw the car. Thereafter he traveled two blocks before the other motorcycle had a chance to travel one half a block. This is inconceivable to the court, unless he was proceeding at *861 a rate of sixty miles an hour, and if he were, he could not have seen what had occurred. He would have been too busy, too occupied operating his own vehicle. Yet he saw the whole scene including the fact that the automobile failed to stop at the intersection. And the court finds that very difficult to believe.
“It must further be stated that the plaintiff in reconvention, although testifying and establishing to the court’s satisfaction that he was not at fault because the accident occurred, yet there has been no evidence to establish fully that the defendant in reconvention was negligent in order to justify recovery. Any negligence would have to be presumed on his part, and under the law, when the defendant takes the position of plaintiff in reconvention, the burden of proof rests upon him to show negligence on the part of the other party. I don't think that he has borne that burden of proof, so that accordingly, there will be judgment herein dismissing the suit of Arthur J. Le-Blanc, individually, on behalf of his minor son, George LeBlanc, and there will be further judgment dismissing the suit in reconvention.”
The issues presented are strictly questions of fact. We find no error in the facts found by the trial judge and his conclusions of law based thereon are correct. The court found that the plaintiff’s version of the accident as given by his son, driver of the motorbike, and his witness, driver of the motorcycle approaching from the opposite direction, was simply not acceptable. The trial judge did not believe the accident occurred as they testified, and hence, plaintiff failed to prove his case by a preponderance of the evidence. We find no error in this conclusion.
The circumstance that the defendant driver did not see the motorbike until almost the moment of impact can only be explained by one of two assumptions. Either he failed to see that which obviously was there to be seen in the exercise of reasonable care or the plaintiff’s motorbike was moving at such a high speed that he traversed the distance of defendant’s range of vision before defendant could clear the intersection with reasonable care.
A defendant who assumes the position of plaintiff in reconvention carries the burden of proof of his affirmative allegations. The defendants here have failed to discharge that burden by a fair preponderance of the evidence and their petition in reconvention cannot be maintained. In brief, neither party has discharged his burden of proof so as to warrant a judgment in his favor.
Therefore, for the reasons stated above, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.